Craig K. Perry
Nevada Bar # 003786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 943-7520 Fax
cperry@craigperry.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Kirby Spencer,

               Plaintiff,

vs.

AT&T Corp., A Foreign Corporation Doing Business in Nevada.

               Defendant.

CASE NO.:

**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET. SEQ.**

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Kirby Spencer (Client) ("Plaintiff"), by and through his attorney, Craig K. Perry, Esq. of the law firm of Craig K. Perry & Associates, and alleges the following against AT&T ("Defendant AT&T").

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 47 U.S.C § 227(g)(2), and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. AT&T Corp. ("AT&T) conducts business in the State of Nevada and therefore, personal jurisdiction is established.

4. Venue in this District is proper pursuant to 47 U.S.C § 227(e)(6)(E)(i), which incorporates by reference 28 U.S.C § 1391, of which the following subsections apply: (b)(2),

because a substantial part of the events giving rise to the claim arose in Nevada, and (c)(1), because Plaintiff is a resident of the state of Nevada.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Henderson, Nevada.

7. Plaintiff is both a "person" and "called party" as those terms are used or defined in 47 U.S.C § 227.

8. AT&T is a New York Corporation doing business in Nevada and for whom a principal purpose of its business is telecommunications.

9. AT&T is properly referred to as both a "person" and a "caller" as those terms are used or defined in 47 U.S.C § 227.

**STATEMENT OF FACTS**

10. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 9 inclusive, above.

11. AT&T offers a "Digital Life" service to customers who sign up and pay for the service. According to their website, located at "my-digitallife.att.com/learn/" (Exhibit 1), the service offers, among other things, "Home Security right at your fingertips" and "Home Automation for added security and convenience." This landing page also indicates that AT&T offers "24/7 professional monitoring." Upon further examination at their website page https://my-digitallife.att.com/content/learn/ShopHomeSecurity.html, AT&T offers "Simple Security" and "Smart Security" packages, each of which provides "text and email alerts." For these services, AT&T collects a monthly charge of 29.99 and 39.99 a month respectively. See Exhibit 2.

12. The Plaintiff does not participate in AT&T's "Digital Life" program. Specifically, he has never signed up or been enrolled in AT&T's "Digital Life" program, and has never paid for any monitoring program or given permission to AT&T to send text messages to his mobile phone.

13. Nevertheless, beginning on or about Saturday, May 31, 3014, AT&T began sending a daily barrage of often more than two-dozen Short Message Service ("SMS") messages to

Plaintiff's mobile telephone number, apparently as part of one of its Digital Life, Home Security monitoring programs.

14. The Plaintiff is charged for calls (including SMS messages) to his mobile phone number.

15. Not only did Plaintiff not sign up for AT&T's Digital Life service but also Plaintiff does not even own a home security system. Yet everyday, AT&T repeatedly sends to his mobile number messages such as "Front Door Open," or "Kitchen Door Open," several times, sometimes dozens of times each day. These messages cause his cellular phone to ring and vibrate each day.

16. These SMS messages were unwelcomed, are not apart of any service in which Plaintiff has participated, and are not being sent at the request of the Plaintiff.

17. On or about Monday, June 2, 2014, the Plaintiff called AT&T at the number listed on their "Digital Life" website landing page to report the problem.

18. A representative of AT&T who took the call advised the Plaintiff that the SMS text messages would be discontinued. They were not discontinued.

19. Accordingly, a few days later, because the texts did not cease as promised, the Plaintiff wrote and sent a letter to AT&T, demanding them to cease and desist sending the SMS Messges. See Exhibit 3. The SMS text messages have continued unabated.

20. As the daily inundation of SMS messages continued, the Plaintiff again contacted Defendant AT&T, this time by telephone again at the telephone number listed on their website. Plaintiff again spoke to another customer service representative and made a third request that these incessant text messages cease and desist. This operator stated that she could not do it, which was different that what the first operator had advised back on June 2, 2014.

21. On June 23, 2014, Plaintiff had his attorney write a letter to AT&T concerning the problem. Among the various items set forth in the letter, Plaintiff demanded, among other things, that AT&T cease and desist from sending these SMS messages. In that letter, the Plaintiff indicated he would file a lawsuit seeking to enjoin AT&T from sending these messages, if the messages continued. As of the date of the filing of this complaint, this letter never received an answer.

22.     On July 2, 2014, as a final effort, Plaintiff contacted Defendant AT&T at the telephone number listed on their website and made one last request that the SMS messages cease. He was again told that AT&T could not fix the problem

23.     AT &T does not have an established business relationship with the Plaintiff for this Digital Life service.

24.     AT&T did not have the prior express consent, of Plaintiff, written or oral, as described above, before it began to send hundreds of SMS messages to his mobile phone number.

25.     AT&T has misrepresented that it is unable to honor the cease and desist requests, has ignored requests to cease and desist, and had even stated that it not possible to honor the requests to cease and desist sending this daily onslaught of text messages.

26.     Plaintiff has been required to retain the services of an attorney to prosecute this action.

## CLAIM FOR RELIEF

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

27.     Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 26 inclusive, above.

28.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

29.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

30.     Despite the fact that Plaintiff never consented to AT&T making calls by way of SMS text message to his cellular telephone, AT&T repeatedly placed these non-emergency calls in the form of SMS messages to Plaintiff's cellular telephone without Plaintiff's consent.

31.     The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations when they are done "willfully and knowingly."

32. Here, upon information and belief, AT&T repeatedly and regularly sent non-emergency, automated calls in the form of SMS text messages to the Plaintiff's cellular telephone after Plaintiff repeatedly contacted AT&T in an effort to prevent further violations from occurring.

33. AT&T did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

34. AT&T's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call by way of SMS text messaging using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, Kirby Spencer (Client), respectfully prays for a judgment as follows:

a. Actual damages;

b. Statutory damages up to $1,500 per violation;

c. Reasonable attorney's fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Kirby Spencer (Client), demands a trial by jury in this case.

DATED: July 10, 2014

RESPECTFULLY SUBMITTED,

CRAIG K. PERRY & ASSOCIATES

Craig K. Perry, Esq.
Nevada Bar #003786
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 942-7520 Fax
cperry@craigperry.com
Attorney for Plaintiff