1   Ryan Lower (SBN 9108)
2   rml@morrislawgroup.com
    MORRIS LAW GROUP
3   900 Bank of America Plaza
    300 South Fourth Street
4   Las Vegas, NV 89101
    Telephone: (702) 474-9400
5   Facsimile: (702) 474-9422

6   Douglas W. Sullivan (pro hac vice)
7   dsullivan@crowell.com
    Joel D. Smith (pro hac vice)
8    jsmith@crowell.com
    CROWELL & MORING LLP
9   275 Battery Street, 23rd Floor
    San Francisco, CA 94111
10  Telephone: (415) 986-2800
    Facsimile: (415) 986-2827
11

12  Attorneys for Defendant AT&T Digital Life, Inc.

13              **UNITED STATES DISTRICT COURT**

14                   **DISTRICT OF NEVADA**

15

16  KIRBY SPENCER,                    )   CASE NO. 2:14-cv-01136-RFB-(PAL)
                                      )
17              Plaintiff,            )   **STIPULATED PROTECTIVE ORDER**
                                      )   **REGARDING PRODUCTION OF**
18                                    )   **CONFIDENTIAL INFORMATION**
         v.                           )
19                                    )
    AT&T DIGITAL LIFE, INC.           )
20                                    )
              Defendant.              )
21                                    )
                                      )
22  _____ )

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1    1.    PURPOSES AND LIMITATIONS

2            Disclosure and discovery activity in this action may involve production of confidential,

3    proprietary, or private information for which special protection from public disclosure and from

4    use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the

5    parties hereby stipulate to and petition the court to enter the following Stipulated Protective

6    Order.  The parties acknowledge that this Order does not confer blanket protections on all

7    disclosures or responses to discovery and that the protection it affords from public disclosure and

8    use extends only to the limited information or items that are entitled to confidential treatment

9    under the applicable legal principles.  The parties further acknowledge, as set forth in Section

10   7.3, below, that this Stipulated Protective Order does not entitle them to file confidential

11   information under seal without court approval; Civil Local Rule 10-5(b) sets forth the procedures

12   that must be followed when a party seeks permission from the court to file material under seal.

13   2.    DEFINITIONS

14           2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

15   information or items under this Order.

16           2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

17   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

18   of Civil Procedure 26(c).

19           2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as

20   well as their support staff).

21           2.4    Designating Party:  a Party or Non-Party that designates information or items that

22   it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

23           2.5    Disclosure or Discovery Material:  all items or information, regardless of the

24   medium or manner in which it is generated, stored, or maintained (including, among other things,

25   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

26   responses to discovery in this matter.

27           2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent

28   to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

PROTECTIVE ORDER;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1

a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material, except that in the case of multi-page documents bound together by staple or other permanent binding,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

PROTECTIVE ORDER;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1

the word(s) "Confidential" need only be stamped on the first page of the document for the entire document to be treated as Confidential.

(b)  In the case of depositions, including exhibits thereto, or other pretrial testimony: (i) by a statement on the record by any counsel or the deponent, at the time of such disclosure; or (ii) by written notice from any Party or Third Party's counsel or the deponent or his/her counsel, within ten business days after receiving a copy of the transcript thereof, designating all or some of the transcript and/or documents referred to therein as Confidential.  Such written notice must be sent to counsel for all Parties, the deponent and counsel for the deponent.  Only those portions of the transcripts so designated as "Confidential" may be treated as Confidential.  The Parties may modify this procedure for any particular deposition or pretrial testimony by a writing signed by counsel for all Parties and by the deponent or counsel for the deponent, without further order from the Court.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

PROTECTIVE ORDER;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1

notifying counsel for the Designating Party in writing.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge by negotiation, and the Court has not provided for a different procedure to handle such disputes, then the Challenging Party may make an application for a ruling from the Court on the continued application of the "Confidential" designation of such information or document.  The parties shall comply with applicable Ninth Circuit authority requiring the parties to make a threshold showing before in camera is requested.  The burden is on the party asserting confidentiality to establish the information is entitled to protection.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

Lines 16-18 modified by the court.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

SFACTIVE-999999.0002331 \ 903422725.1

(a)  Counsel of record for the Parties, their employees, their staff, and their support personnel (including any outside vendor for simple reproduction, computer scanning, or photocopying);

(b)  The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  The Court, its personnel, and the jury;

(e)  Court reporters and videographers present at any hearing, deposition or trial;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors or other consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  Actual or potential witnesses in connection with any deposition, hearing or trial.  However, the witness shall not be entitled to retain possession of any such Confidential Information following the completion of his deposition and shall return any such Confidential Information to counsel who disclosed it to him during the course of his deposition;

(h)  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 10-5(b) and any other rules or orders by the court governing the filing of confidential documents.  If a Party's request to file Protected Material under seal is denied by the court, then the Party may file the information in the public record.

7.4     Use in Court.  In the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party

CROWELL
& MORING LLP
ATTORNEYS AT LAW

using such shall take all reasonable steps to maintain its confidentiality during such use unless the Court orders otherwise.

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party (by email if possible).  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production or disclosure of privileged or otherwise protected information, documents, or other materials shall not constitute a waiver of any applicable

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

PROTECTIVE ORDER;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1

privilege or protections, including, for example, the attorney-client privilege, the work product

protection, or any other privilege or protection provided under the law.   Upon receiving written

notice from the Producing Party that privileged information or work product material has been

inadvertently produced, all such information, and copies thereof, shall be returned to the

Producing Party within two business days of receipt of such notice.  Any analysis, memoranda or

notes which were internally generated by the Receiving Party based upon such information shall

be destroyed.  Upon receiving written notice from the Producing Party that Confidential

Information has not been appropriately so designated, all such information shall be immediately

re-designated and treated appropriately.  The Party receiving such material re-designated as

Confidential shall make a reasonable, good faith effort to ensure that any analysis, memoranda,

or notes which were internally generated based upon such information shall immediately be

treated in conformance with any such re-designation.

12.   <u>MISCELLANEOUS</u>

    12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

seek its modification by the court in the future.

    12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material

covered by this Protective Order.

    12.3   <u>Remedies and Continuing Jurisdiction</u>.  In the event of a breach or threatened

breach of any provision of this Order, the non-breaching Party shall be entitled to seek

immediate injunctive relief from the Court, without the necessity of showing any irreparable

injury or special damages.  Such remedy shall not be deemed to be the exclusive remedy for the

breach of this Order, but shall be in addition to all other remedies at law or equity, or pursuant to

any applicable provisions of the Federal Rules of Civil Procedure, available to the non-breaching

Party, including the power to hold parties or other violators of this Order in contempt or such

other sanctions as may be available to the Court. This Court shall retain jurisdiction of all

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

PROTECTIVE ORDER;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1

matters pertaining to this Order, and the Parties agree to submit to the jurisdiction of this Court for matters relating to the enforcement of this Order.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  December 14, 2014                    Dated:  December 14, 2014

_____/s/ Joel D. Smith_____              _____/s/ Craig K. Perry_____

Douglas W. Sullivan (pro hac vice)        Craig K. Perry, Esq. (SB 3786)
dsullivan@crowell.com                     cperry@craigperry.com
Joel D. Smith (pro hac vice)              CRAIG PERRY & ASSOCIATES
jsmith@crowell.com                        810 W. Sahara Ave., Suite 260
CROWELL & MORING LLP                      Las Vegas, Nevada 89117
275 Battery Street, 23rd Floor            Telephone: (702) 228-4777
San Francisco, CA 94111                   Facsimile:  (702) 942-7520
Telephone: (415) 986-2800
Facsimile: (415) 986-2827                 Attorney for Plaintiff

Ryan Lower (SB 9108)

CROWELL & MORING LLP
ATTORNEYS AT LAW

SFACTIVE-999999.0002331 \ 903422725.1

rml@morrislawgroup.com
MORRIS LAW GROUP
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____December 23, 2014_____      _____

Peggy A. Leen
United States Magistrate Judge

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

PROTECTIVE ORDER;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3
     I, _____ [print or type full name], of

4
_____ [print or type full address], declare under

5
penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

6
that was issued by the United States District Court, District of Nevada  in the case of  *Spencer v.*

7
*AT&T Digital Life, Inc.*, Case No. 2:14-cv-01136, dated _____.  I agree to comply with

8
and to be bound by all the terms of this Stipulated Protective Order and I understand and

9
acknowledge that failure to so comply could expose me to sanctions and punishment in the

10
nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

11
item that is subject to this Stipulated Protective Order to any person or entity except in strict

12
compliance with the provisions of this Order.

13
     I further agree to submit to the jurisdiction of the United States District Court, District of

14
Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

15
enforcement proceedings occur after termination of this action.

16
     I hereby appoint _____ [print or type full name] of

17
_____ [print or type full address and telephone

18
number] as my agent for service of process in connection with this action or any proceedings

19
related to enforcement of this Stipulated Protective Order.

20

21
Date: _____

22
City and State where sworn and signed: _____

23

24
Printed name: _____

25

26
Signature: _____

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

SFACTIVE-999999.0002331 \ 903422725.1