UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KIRBY SPENCER, | Case No. 2:14-cv-01136-RFB-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | Motion for Leave to File Amended Complaint (ECF No. 26) |
| AT&T DIGITAL LIFE, INC., | |
| Defendant. | |

### I.   INTRODUCTION

This matter is before the Court on Plaintiff Kirby Spencer's Motion for Leave to File an Amended Complaint. ECF No. 26. In his motion, Spencer seeks to amend his Complaint to add class action allegations. For the reasons discussed below, Spencer's motion is granted.

### II.   BACKGROUND

Spencer filed a Complaint against Defendant AT&T Digital Life, Inc. ("AT&T") on July 10, 2014, alleging that AT&T had violated the Telephone Consumer Protection Act (TCPA) by repeatedly sending non-emergency text messages to Spencer's cell phone despite his demand that AT&T stop doing so. ECF No. 1. The Court entered a Scheduling Order on November 18, 2014, in which it established January 22, 2015 as the deadline to amend pleadings and add parties. ECF No. 21.

On January 22, 2015, the last date to amend pleadings, Spencer filed the instant Motion for Leave to File an Amended Complaint. ECF No. 26. The proposed Amended Complaint does not contain any new or different causes of action, but does assert class action allegations against AT&T. Spencer seeks to represent two classes: a "Called Party Class" consisting of persons who

1  received text messages from AT&T without having personally provided their phone numbers to
2  AT&T, and a "Revocation Class" consisting of persons who received text messages from AT&T
3  after requesting or communicating their desire that those messages cease. Proposed Am. Compl.
4  ¶ 27, Mot. for Leave to File Am. Compl. Ex. A, ECF No. 26. In opposing Spencer's motion,
5  AT&T argues that Spencer's proposed amendments are futile, that he unduly delayed in filing
6  his motion, and that AT&T would be prejudiced by the amendment.

### III.  LEGAL STANDARD

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, provided that leave to amend is requested prior to the expiration of the deadline for amending pleadings as set forth in the scheduling order, if one has been entered. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (stating that Rule 16 applies where a court has "filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline [has] expired" before the filing of the motion to amend).

According to Rule 15, courts should freely grant a party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). Prejudice is the "touchstone" of the Rule 15(a) analysis and therefore receives the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

/ / /

/ / /

## IV. DISCUSSION

The Court finds that AT&T has not carried its burden of demonstrating that it will be prejudiced by the amendment, nor has it shown that any of the remaining Foman factors strongly favor denial of leave to amend. Therefore, in light of the Federal Rules' liberal policy favoring amendment, the Court grants Spencer leave to file the Amended Complaint.

First, there is no evidence before the Court that Spencer unduly delayed or filed his motion in bad faith. Spencer timely sought leave to amend within the deadline established by the Court and alleges that he filed the motion prior to any interrogatories being propounded or depositions being taken, which AT&T does not dispute. Moreover, Spencer states that he seeks to amend the Complaint based on AT&T's disclosure during discovery of the number of Digital Life subscribers and on Spencer's investigation into the "short code" number from which the alleged text messages were sent. AT&T claims that Spencer could have known or inferred this information from the outset. It is certainly true that courts "inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading" when evaluating whether there has been undue delay. AmerisourceBergen Corp., 465 F.3d at 953 (internal quotation marks omitted). However, AT&T has not shown that Spencer knew or should have known of the potential scope of AT&T's alleged conduct at the time he filed his original Complaint. The Court therefore finds that Spencer's motion, made after some discovery had been performed that allegedly provided certain information about the scope of a potential class in this case, does not constitute bad faith or undue delay.[1]

Second, AT&T has not shown that Spencer's proposed amendment would be futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the

---

[1] Moreover, even if the Court were to find that Spencer unduly delayed, "[d]elay alone does not provide sufficient grounds for denying leave to amend. . . . The crucial factor is not length of delay, but prejudice. Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny leave to amend." United States v. Pend Oreille Pub. Util. Dist. No. 1, 926 F.2d 1502, 1511-12 (9th Cir. 1991) (alteration in original) (citations and internal quotation marks omitted). As will be discussed below, the Court does not find that amendment would unduly prejudice AT&T, and therefore undue delay alone would be insufficient reason to deny leave to amend.

1   pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada Cnty.,
2   Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997). This test is identical to the standard used for
3   evaluating the legal sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil
4   Procedure. Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988). Under that standard,
5   "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are
6   construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs.,
7   Inc., 706 F.3d 1017, 1019 (9th Cir. 2013).

8   Spencer's proposed Amended Complaint clearly pleads a set of facts constituting a valid
9   claim under the TCPA, which prohibits, among other things, "using any automatic telephone
10  dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a
11  paging service, cellular telephone service . . . or any service for which the called party is charged
12  for the call." 47 U.S.C. § 227(b)(1)(A). The TCPA also grants a private right of action to
13  individuals seeking to enjoin or recover damages for violations of the Act. 47 U.S.C. § 227(b)(3).
14  Spencer's proposed amendment also contains class action allegations sufficient to show that the
15  action may be maintainable as a class action. Taken in the light most favorable to Spencer, the
16  proposed Amended Complaint defines ascertainable classes and sets forth questions of law and
17  fact common to these proposed class members. Proposed Am. Compl. ¶¶ 27, 33.

18  AT&T argues that Spencer's proposed amendment is futile because he cannot certify a
19  class under the requirements of Rule 23(b)(2) or 23(b)(3) and that Spencer's counsel will not
20  adequately represent and protect the interests of the class. These arguments are premature and
21  are better suited for an opposition to class certification. See Vinole v. Countrywide Home Loans,
22  Inc., 571 F.3d 935, 942 (9th Cir. 2009) ("Although a party seeking class certification is not
23  always entitled to discovery on the class certification issue, we have stated that . . . 'the better
24  and more advisable practice for a District Court to follow is to afford the litigants an opportunity
25  to present evidence as to whether a class action was maintainable.'") (quoting Doninger v. Pac.
26  Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977)). The Court must determine whether to grant
27  class certification "[a]t an early practicable time after a person sues or is sued as a class
28  representative . . . ." Fed. R. Civ. P. 23(c)(A). Despite what AT&T argues to the contrary, the

Court declines to convert Spencer's motion to amend the Complaint into a motion to certify the class.

Third, and most crucially, AT&T has not met its burden of demonstrating that it will be prejudiced by the amended pleading.[2] Although AT&T argues that granting leave to amend will return this case "to square one," the proposed amendment does not add any new causes of action or theories of liability. Accordingly, AT&T has not shown that it would be prejudiced by, for example, being forced to defend against "different legal theories" or provide "proof of different facts." AmerisourceBergen, 465 F.3d at 953. In addition, while the amendment seeks to add class action allegations, AT&T has not demonstrated that it has incurred litigation expenses "that could have been easily avoided" had Spencer brought a class action complaint in the first instance. Id. at 953. Therefore, the Court does not find that AT&T would be prejudiced by the proposed amendment.

## V.  CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Kirby Spencer's Motion for Leave to File an Amended Complaint (ECF No. 26) is GRANTED. Plaintiff shall have 14 days from the date of entry of this Order to file the Amended Complaint.

DATED: September 1, 2015.

**RICHARD F. BOULWARE, II**
**United States District Judge**

---

[2] See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice.").