Ryan Lower (SBN 9108)
rml@morrislawgroup.com
MORRIS LAW GROUP
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

Douglas W. Sullivan (pro hac vice)
dsullivan@crowell.com
Joel D. Smith (pro hac vice)
jsmith@crowell.com
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendant AT&T Digital Life, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIRBY SPENCER, | CASE NO. 2:14-cv-01136-RFB-(PAL) |
| Plaintiff, | **AT&T DIGITAL LIFE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY** |
| v. | |
| AT&T DIGITAL LIFE, INC., a foreign corporation doing business in Nevada, | |
| Defendant. | |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

SFACTIVE-999999.0002331 \ 903422725.1

OPPOSITION TO MOTION
FOR LEAVE TO FILE A SURREPLY;
CASE NO. 2:14-CV-01136-RFB

1    Briefing on AT&T Digital Life's ("AT&T's") pending Motion for Summary Judgment was completed over a month and a half ago, on July 17, 2015.  Now, a month and a half after the completion of briefing, Plaintiff Kirby Spencer seeks to get the last word concerning a recent 2015 FCC Order discussed in AT&T's Reply Brief.  Contrary to Mr. Spencer's proposed surreply, however, that order confirmed that the TCPA's definition of an "ATDS" (or "autodialer") turns on a system's capacity to generate random or sequential numbers to be called. In any event, as set forth below, Mr. Spencer's request for leave to file a surreply is untimely, procedurally improper, and should be denied.

First, given that the Local Rules only permit three weeks for an opposition brief and two weeks for a reply (Local Rule 7-2(e)), there is no justification for Mr. Spencer's six-week delay in seeking leave to file a surreply.  In *Arakelian*, for example, the court refused to allow a plaintiff to file a surreply to a motion for summary judgment because he had delayed three weeks after the defendant filed its reply brief—twice as much time as Mr. Spencer has taken here.  *Arakelian v. Nat'l W. Life Ins. Co.*, 126 F.R.D. 1, 3 (D.D.C. 1989).  Indeed, in the only case that Mr. Spencer cites in support of filing a surreply, a *pro se* plaintiff filed her surreply within two weeks over the Christmas and New Year holidays.  *See Saintal v. Foster*, Case No. 2:11-cv-00445 (D. Nev. filed March 24, 2011) (Doc. Nos. 69-70.)  If a *pro se* plaintiff can timely file a surreply during the holidays, there is no reason that Mr. Spencer—who is represented by two law firms—should not be required to timely file his surreply here.

Second, surreplies may be permitted only by leave of the court, and they are "highly disfavored," as they typically constitute a party's improper attempt to have the last word on an issue.  *John Bordynuik, Inc. v. JBI, Inc.*, 2015 WL 153439 at *4 (D. Nev. Jan. 13, 2015).  Here, however, rather than await prior approval from the Court, or approval concerning page length, content or timing of the surreply, Mr. Spencer has effectively filed the surreply without prior leave by attaching it to his motion.  *See e.g. Spina v. Maricopa County Dep't. of Transp.*, 2009 WL 890997 at *1 (D. Ariz. April 1, 2009) ("By filing its Surreply and Motion to File Surreply as one document, Plaintiff has essentially filed a surreply without first obtaining leave of the Court to do so.  Plaintiff's Surreply was, therefore, improper.").

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

OPPOSITION TO MOTION
FOR LEAVE TO FILE A SURREPLY;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1

1    <u>Third</u>, even if the Court were to grant leave to file the proposed surreply, Mr. Spencer mischaracterizes the 2015 FCC Order such that his proposed surreply should be rejected. According to Mr. Spencer, the 2015 FCC Order "reiterated" that in order for a defendant's system to qualify as an ATDS (which is a necessary element of Mr. Spencer's claim), it is sufficient if the equipment can dial numbers without human intervention, and thus the capacity to generate random or sequential numbers is irrelevant. (Proposed Surreply, at pp. 1-2.) And yet, Mr. Spencer ignores that that FCC plainly stated that it was "affirming the law's definition of an [ATDS]," and that and the term "ATDS" is "defined in the [TCPA] as any technology with the <u>capacity</u> to dial <u>random or sequential numbers</u>." (June 18, 2015 Press Release, p. 2 [Doc. No. 44-1] (emphasis added).) The 2015 FCC Order addresses the subject of what it means to have the "capacity" to generate numbers, but there would be no need to address that subject if, as Mr. Spencer contends in his opposition and proposed surreply, equipment qualifies as an autodialer regardless of whether it has that capacity. (FCC July 10, 2015 Order, at ¶¶10-24 (Doc. No. 44-1.).)

<u>Fourth</u>, the proposed surreply also should be rejected because it goes beyond simply addressing the content of the 2015 FCC Order. In this regard, Mr. Spencer attempts to distinguish the 2015 FCC Order with a lengthy rehash of his argument that Digital Life text alerts are sent "without any human involvement." (Proposed Surreply at 2; *see also id.* at 5-6.) As shown in AT&T's Reply Brief, however, that argument cannot support denial of AT&T's motion for summary judgment because it contradicts the undisputed facts, which establish that Digital Life customers control which security events will prompt a text alert, who will receive them, and when the text alerts can be sent. (AT&T's Reply Brief, at p. 10-11 (Doc. No. 43).)

In sum, for the foregoing reasons, AT&T respectfully submits that Mr. Spencer's motion for leave to file a surreply should be denied.

Dated: September 1, 2015                     /s/  Joel D. Smith

Ryan Lower (SB 9108)
rml@morrislawgroup.com
MORRIS LAW GROUP
900 Bank of America Plaza

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

OPPOSITION TO MOTION
FOR LEAVE TO FILE A SURREPLY;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1

| | |
|---|---|
| 1 | 300 South Fourth Street |
| 2 | Las Vegas, NV 89101 |
| | Telephone: (702) 474-9400 |
| 3 | Facsimile: (702) 474-9422 |
| 4 | Douglas W. Sullivan (pro hac vice) |
| | dsullivan@crowell.com |
| 5 | Joel D. Smith (pro hac vice) |
| | jsmith@crowell.com |
| 6 | CROWELL & MORING LLP |
| 7 | 275 Battery Street, 23rd Floor |
| | San Francisco, CA 94111 |
| 8 | Telephone: (415) 986-2800 |
| | Facsimile: (415) 986-2827 |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

OPPOSITION TO MOTION
FOR LEAVE TO FILE A SURREPLY;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1

# CERTIFICATE OF SERVICE

I, Joel D. Smith, state:

My business address is 275 Battery Street, 23rd Floor, San Francisco, California 94111. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served via electronic service the foregoing document(s) described as:

**AT&T DIGITAL LIFE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY**

on the following person(s) in this action:

| | |
|---|---|
| Craig Perry | Evan Meyers |
| Craig K. Perry & Associates | McGuire Law, P.C. |
| 8010 W. Sahara Avenue, Suite 260 | 55 W. Wacker Drive, 9th Floor |
| Las Vegas, NV 89117 | Chicago, IL, 60601 |
| phone: (702) 228-4777 | Phone: (312) 893-7002 |
| Fax: (702) 943-7520 | Fax: (312) 275-7895 |
| Email: cperry@craigperry.com | emeyers@mcgpc.com |
| *Attorneys for Plaintiff* | *Attorney for Plaintiff* |

DATED: September 1, 2015   BY:   /s/ Joel D. Smith
                                      Joel D. Smith

Crowell & Moring LLP
Attorneys At Law

-4-

OPPOSITION TO MOTION
FOR LEAVE TO FILE A SURREPLY;
CASE NO. 2:14-CV-01136-RFB

SFACTIVE-999999.0002331 \ 903422725.1