1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

KIRBY SPENCER,

Case No. 2:14-cv-01136-APG-PAL

8

Plaintiff,

ORDER

9

v.

(Mot Amd Sched Ord – Dkt. #53)

AT&T DIGITAL LIFE, INC,

10

Defendant.

11

12        Before the court is Plaintiff's Motion for Entry of an Amended Scheduling Order and

13    Incorporated Memorandum of Points and Authorities (Dkt. #53).  The court has considered the

14    motion, AT&T Digital Life, Inc.'s Opposition (Dkt. #56), and Plaintiff's Reply (Dkt. #59).

15                                          **BACKGROUND**

16        The Complaint (Dkt. #1) in this case was filed July 10, 2014.  It asserts claims for alleged

17    violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.  The

18    court entered a Discovery Plan and Scheduling Order (Dkt. #21) November 14, 2014,

19    establishing an April 22, 2015 discovery cutoff, with dispositive motions due May 22, 2015.

20        Before the discovery cutoff ran, Plaintiff timely filed a motion to amend the complaint

21    (Dkt. #26) to add class allegations on January 22, 2015.  The district judge granted the motion

22    for leave to amend the on September 1, 2015.  *See* Order (Dkt. #48).  The amended complaint

23    was filed September 1, 2015, and on September 29, 2015, Defendant filed its Answer (Dkt. #52)

24    to Plaintiff's first amended class action complaint.  In a minute order entered September 3, 2015

25    the district judge also denied Defendant's motion for summary judgment without prejudice in

26    light of the amended complaint to be filed, and denied Plaintiff's motion to stay and motion to

27    file surreply as moot. See Minutes, (Dkt. #50).

28

1

1        Months after the district judge granted Plaintiff's motion for leave to assert a first

2  amended class action complaint, Plaintiff filed this motion seeking "an amended scheduling

3  order" to allow Plaintiff to conduct discovery on the newly added class claims, reset a date for

4  dispositive motions, and  deadline for filing a motion to certify a class.  The motion also requests

5  an "extension" of the deadlines to designate experts and rebuttal disclosures, a May 20, 2016

6  discovery cutoff, and June 14, 2016 deadline to file a motion for class certification.  Plaintiff

7  proposes that a dispositive motion deadline be set 60 days after the court rules on a motion for

8  class certification.  Alternatively, if Plaintiff decides not to designate an expert, Plaintiff requests

9  that an April 1, 2016 discovery cutoff be set with an April 29, 2016 deadline for a class

10  certification motion.

11        At the time this motion was filed, Plaintiff understood that Defendant may be filing a

12  second motion for summary judgment.  Plaintiff argues that he is entitled to conduct discovery

13  regarding the class allegations and asks that discovery be taken contemporaneously with briefing

14  on any motion the Defendant files.

15        AT&T opposes the motion on various grounds.   First, ATT&T argues the court

16  previously advised counsel that any requests for an extension of the discovery plan and

17  scheduling order deadlines would be scrutinized for a strong showing of good cause and due

18  diligence,  Plaintiff has shown neither. Second, when Plaintiff moved for leave to amend the

19  complaint to add class allegations, he did not ask that the discovery deadlines be altered.  In fact,

20  the motion for leave to amen argued that Spencer sought to amend the complaint because of

21  discovery already conducted he believed was relevant to class certification.  At the time the

22  motion to amend was granted, three months remained to complete discovery.

23        Third, AT&T opposes the motion to amend arguing Plaintiff cannot meet his burden of

24  making a strong showing of good cause and excusable neglect for his failure to complete the

25  additional discovery he now seeks or for his failure to move to reopen discovery.  Spencer did

26  not comply with LR 26-4.  When he moved for leave to amend, he argued to the court that

27  amendment would require only a few additional discovery requests concerning class certification

28  and no additional expert discovery.  Additionally, his motion does not explain why he waited

1    until November 24, 2015, to file the motion, months after the deadline for filing a motion for the

2    extension of the discovery plan and scheduling order deadlines, and three months after the court

3    granted him leave to amend.

4         Finally, AT&T asks that if the court is inclined to grant Plaintiff any relief to the

5    discovery plan and scheduling order deadlines, that relief be limited to mitigate the resulting

6    prejudice and costs to the Defendant.   Because Plaintiff previously represented that any

7    additional discovery needed by the amendment would be minimal and no expert discovery would

8    be required, he should be held to his word.   Plaintiff deposed AT&T's witnesses in Atlanta and

9    Dallas, and no further depositions are necessary or warranted for class certification purposes.

10   AT&T notes that the motion does not claim any depositions are required.   Additionally, there is

11   no reason to set a new deadline for dispositive motions because AT&T timely complied with the

12   dispositive motion deadline and should not be forced to refile a motion for summary judgment

13   for the third time.

14        Plaintiff replies that Defendant's opposition is both voluminous and creative, but does not

15   dispute that the case was an individual action until leave to amend the complaint to add a class

16   action was granted almost five months after discovery closed.   Filing an amended complaint

17   often means that new facts and legal claims are brought that require additional discovery to fully

18   develop.   It is well established that briefing on a dispositive motion should not prevent discovery

19   from going forward.   Plaintiff seeks an amended discovery plan and scheduling order and that

20   discovery proceed while the motion for summary judgment is under submission to avoid

21   litigating this case "piece by piece".   There is good cause to enter a new discovery plan because

22   Plaintiff could not undertake class discovery before the existing discovery cutoff.   Plaintiff

23   disputes that he was dilatory in moving for entry of an amended scheduling order. He filed this

24   motion a little over two months after the amended complaint was filed on September 15, 2015.

25        Plaintiff disputes that he has had an opportunity to obtain class discovery.   He points out

26   that there is a significant difference between evidence that can, in good faith, support class

27   allegations to file a class action complaint, and actual evidence obtained from Defendant

28   sufficient to certify a class action.   There are over 140,000 Digital Life Subscribers in the

1   putative class.  Plaintiff served requests for production on Defendant seeking a list of all cellular

2   telephone numbers registered and/or subscribed to the service that sends text messages at issue in

3   this case.  However, Defendant's responds by objecting on the grounds the requests sought

4   information that was irrelevant and not reasonably calculated to lead to the discovery of

5   admissible evidence because of the number of Digital Life Subscribers and because their cellular

6   telephone numbers have no bearing on this case.  Defendant also objected to responding to

7   Request for Production Nos. 1 and 16 which sought documentation, technical manuals and

8   marketing materials concerning the automated text message system and documentation

9   describing the methods for reporting on outgoing text calls made, the content of those calls, and

10   the call treatment performed when a called party responds to the text call.

11       Defendant also objected to Request for Production Nos. 14 and 24.  In short, Plaintiff

12   disputes that he obtained the discovery he needs to file a motion to certify a class.  He seeks very

13   limited additional discovery which the Defendant failed to produce before the discovery cutoff.

14   Specifically, he seeks to discover customer service records limited to the Digital Life Subscribers

15   who enrolled to receive text message notifications from the Defendant, and related information,

16   and documents evidencing customers' complaints of misdirected or unauthorized text message

17   notifications from the Defendant.  Despite what the motion states Plaintiff does not want to take

18   any additional depositions or designate an expert.  The motion was in error in this regard.

19       Finally, Plaintiff opposes staying completion this limited additional discovery while the

20   second motion for summary judgment is under submission arguing that a stay is at odds with the

21   need for expeditious resolution of this case.

22   **DISCUSSION**

23       Rule 16(b) of the Federal Rules of Civil Procedure requires the court to enter a

24   scheduling order that limits the time to: (1) join other parties and to amend the pleadings; (2) file

25   and hear motions; and (3) complete discovery.  The objectives of Rule 16(b) include: (i)

26   expediting the disposition of the action; (ii) establishing early and continuing control so that the

27   case will not be protracted because lack of management; (iii) discouraging wasteful pretrial

28   activity; (iv) improving the quality of the trial through more thorough preparation; and (v)

1    facilitating the settlement of the case.  Fed. R. Civ. P. 16(b).  Because of heavy case loads, trial

2    courts enter scheduling orders "to establish deadlines to foster the efficient treatment and

3    resolution of cases."  *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th

4    Cir. 2005).  A trial court's case management efforts "will be successful only if the deadlines are

5    taken seriously by the parties, and the best way to encourage that is to enforce the deadlines."  *Id*.

6    at 1061.  The district court has broad discretion in supervising the pretrial phase of litigation.

7    *Miller v. Safeco Title Ins. Company*, 758 F.2d 364, 369 (9th Cir. 1985).

8          The Local Rules of Practice are numbered to correspond to their Federal Rule of Civil

9    Procedure counterparts.  *See* LR IA 1-1.  They are to be construed so as to be consistent with the

10   Federal Rules of Civil Procedure.  *See* LR IA 2-1.  The provisions of LR 26-1 set presumptively

11   reasonable time limits for completing discovery, amending the pleadings and adding parties,

12   disclosing experts and rebuttal experts, filing dispositive motions and submitting the joint pretrial

13   order.  One hundred eighty days is deemed presumptively reasonable to complete discovery

14   unless the parties request special scheduling review and provide the court with a statement of the

15   reasons why a longer or different time period should apply.  *See* LR 26-1(d).

16         A court may modify a discovery plan and scheduling order before the expiration of the

17   deadlines therein and before the final pretrial order is entered upon a showing of "good cause."

18   *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  The good cause standard

19   "primarily considers the diligence of the party seeking the amendment."  *Id*.  The district court

20   may modify a scheduling order if the deadlines "cannot reasonably be met despite the diligence

21   of the party seeking the extension."  *Id*.  "Moreover, carelessness is not compatible with a

22   finding of diligence and offers no reason for a grant of relief."  *Id*.  Finally, "[a]lthough the

23   existence or degree of prejudice to the party opposing the modification might supply additional

24   reasons to deny a motion, the focus of the inquiry is upon the moving party's reason for seeking

25   modification." *Id*.  If the party seeking the extension was not diligent, "the inquiry should end."

26   *Id*.  Here, Spencer did not file a timely motion to extend the discovery cutoff 21 days before the

27   expiration of the deadline. Rather, this motion was filed more than 8 months after the April 22,

28

1    2015 discovery cutoff expired.  It is therefore a motion to reopen discovery, not a motion to

2    amend an existing plan.

3           Additionally, any motion or stipulation to extend a deadline or to reopen discovery must

4    comply with Local Rules 26-4 and 6-1, and include the following:

5           (a) a statement specifying the discovery completed;

6           (b) a specific description of the discovery that remains to be completed;

7           (c) the reasons why the deadline was not satisfied or the remaining discovery was

8           not completed within the time limits set by the discovery plan; and,

9           (d) a proposed schedule for completing all remaining discovery.

10          Failure to comply with scheduling order deadlines "may properly support severe

11   sanctions and the exclusion of evidence." *Id*.  Rule 16(f) authorizes the trial court on motion, or

12   *sua sponte*, to impose any of the sanctions authorized by Rule 37(b)(2)(A)(ii-vii) for a party's

13   failure to obey a scheduling order or other pretrial order.  Courts establish discovery plans and

14   scheduling orders "to deal with cases in a thorough and orderly manner, and they must be

15   allowed to enforce them, unless there are good reasons not to."  *Id*. at 1062.  The Ninth Circuit

16   has recognized that disruption of the court's discovery plan and scheduling order "is not

17   harmless."  *Id*.

18          Orders modifying a discovery plan and scheduling order entered before the expiration of

19   the deadlines and before the pretrial order may be modified upon a showing of "good cause."

20   Thus, while the court has discretion to modify the pretrial schedule "if it cannot reasonably be

21   met despite the diligence of the parties seeking the extension," Fed. R. Civ. P. 16 Advisory

22   Committee Notes (1983 Amendment), "good cause" means scheduling deadlines cannot be met

23   despite the parties  diligence.  "Moreover, carelessness is not compatible with the finding of

24   diligence and offers no reason for a grant of relief."  *Johnson v. Mammoth Recreations, Inc.*, 975

25   F.2d 604, 609 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party

26   opposing the modification might supply additional reasons to deny a motion, the focus of the

27   inquiry is upon the moving party's reason for seeking modification."  *Id*.  "If a party was not

28   diligent, the inquiry should end."  *Id*.

1    Having reviewed and considered the matter, the court finds that the Plaintiff has not

2    established good cause let alone excusable neglect to reopen the discovery plan and scheduling

3    order deadlines.

4    This case involves claims that Spencer received unsolicited text messages generated by

5    an AT&T Digital Life home security and monitoring system, although he was not a customer of

6    this service in violation of the TCPA.  AT&T claims that Spencer received these alerts because

7    the cell phone number on his prepaid cell phone was previously assigned to a Digital Life

8    customer.  This customer had set up her account to receive these alerts, but later changed the

9    phone number she gave AT&T and did not update her account with new contact information and

10    text preferences. When this customer gave up her phone the number was reassigned to the

11    prepaid cell phone Mr. Spencer purchased.

12    The court conducted an initial status and scheduling conference on November 18, 2014

13    on the parties' stipulated discovery plan and scheduling order which requested special scheduling

14    review and 60 days beyond the 180 days deemed presumptively reasonable by LR 26-1(e) to

15    complete discovery.  At the hearing, counsel for both sides indicated that only a modest amount

16    of discovery was needed.  The additional 60 days was requested because of the fast approaching

17    holidays.

18    Plaintiff indicated he intended to serve a request for production of documents and take a

19    Rule 30(b)(6) deposition of AT&T.   Counsel for Plaintiff also indicated an expert would

20    probably not be designated.  Defense counsel indicated he intended to take the deposition of the

21    non-party who had the cell phone number before the Plaintiff, Plaintiff's deposition, and

22    Plaintiff's expert if one was designated.  Under these circumstances, the court declined to give

23    the parties an additional 60-day extension and entered a standard 180 day plan.  The order was

24    explicit that "any request for extension of these deadlines would be scrutinized for a strong

25    showing of good cause and due diligence."  A motion to extend the discovery cutoff was due no

26    later than April 1, 2015.  A party moving to extend the discovery cutoff was required to comply

27    with the requirements of LR 26-4.

28

1        Plaintiff did not move for an amended discovery plan and scheduling order until more

2  than eight months after the discovery cutoff and more than two months after the amended

3  complaint was filed.  The motion provides no explanation at all for this delay.  At the time

4  Plaintiff filed the motion to amend, three months remained to complete discovery.  Discovery

5  closed and AT&T timely filed its second motion for summary judgment.  The motion for

6  summary judgment is now fully briefed and under submission to the district judge.  The motion

7  for summary judgment asserts that Plaintiff's claims fail as a matter of law because the text alerts

8  he received at issue were not sent using an automatic telephone dialing system.  It also argues

9  AT&T did not make the calls at issue, and that the text alerts Plaintiff received fall within the

10  TCPA's broad "emergency purposes" exception.  Plaintiff's response to the motion for summary

11  judgment argues that the text messages he received do not fall within the TCPA's emergency

12  purposes exception, and that discovery establishes Defendant "made" the text message calls at

13  issue.  Plaintiff also argues that Defendant's system sent Plaintiff text message without any

14  human intervention, and were therefore made by an automated dialing system.  Alternatively, the

15  response asks for Rule 56(d) relief to allow Plaintiff to conduct limited discovery regarding the

16  potential functionalities of AT&T's system.

17        The motion for summary judgment is potentially dispositive of the entire case.  If

18  granted, no class discovery is needed.

19        However, as the district judge previously assigned to this case granted Plaintiff leave to

20  amend to add class allegations.  Plaintiff served certain discovery designed to obtain some of the

21  discovery he seeks in this motion before the discovery cutoff expired and AT&T objected.  The

22  court will therefore give Plaintiff a brief opportunity to complete very limited class discovery if

23  this case survives summary judgment.  Specifically, provided the case survives summary

24  judgment, the court will compel the Defendant to respond to Request for Production Nos. 1 and

25  16 as modified by the court.  The requests are overbroad on their face in requesting "any and all

26  documentation."  The court will modify Request for Production No. 1 to require production of

27  "technical manuals and marketing materials sufficient to determine the functionality of the

28  automated text message system at issue in this case."  Request for Production No. 16 is modified

1    to require production of "sufficient documents to describe the methods for reporting an outgoing

2    text message made, the content of those calls, and the call treatment performed when a party

3    responds to the text call."

4         The court will also permit Plaintiff to propound two additional requests for production of

5    documents seeking customer service records limited to Digital Life subscribers who enrolled to

6    receive text message notifications from Defendant during the relevant time period plead in the

7    first amended complaint.   The court will not require Defendants to disclose all cellular telephone

8    numbers associated with the accounts, the names associated with the accounts, or the specific

9    dates on which all text messages were sent to the cellular telephone number unless and until a

10   motion to certify a class is granted.  Finally, the court will permit Plaintiff to serve a request for

11   production of documents evidencing Digital Life subscriber complaints that they received

12   misdirected or unauthorized text message notifications from AT&T during the relevant time

13   period plead in the first amended complaint.  No further depositions or expert designation will be

14   allowed.

15        **IT IS ORDERED** that:

16        1.  Plaintiff's Motion for Entry of an Amended Scheduling Order (Dkt. #53) is

17            **GRANTED** to the limited extent he will be permitted to obtain the limited discovery

18            described in the body of this order, if the motion for summary judgment is denied.

19        2.  Plaintiff will have 14 days from an order denying summary judgment to serve

20            Defendant with the 4 requests for production described in this order.

21        3.  Defendant will have 30 days from service of the 4 requests for production to serve

22            responses.

23        4.  Plaintiff will have 90 days from entry of an order denying summary judgment to file a

24            motion for class certification.

25        5.  No additional depositions or expert designations will be allowed.

26        6.  The deadline for filing dispositive motions has expired and will not be extended.

27   / / /

28

1          7.   Any request for relief not specifically addressed in this order is **DENIED**.

2          DATED this 9th day of February, 2016.

3

4                                                              _____
                                                               PEGGY A. LEEN
5                                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28